1
2
3
4
5
6

Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for Plaintiffs Robert Harley Fisher and Paula Marie Fisher

7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10 ROBERT HARLEY FISHER AND 11 PAULA MARIE FISHER, 12      Plaintiffs, 13      vs. 14 COUNTY OF SAN BERNARDINO, 15 LANCE D. HIGGINS, KEVIN ALLEN, 16 DONALD A. PATTON, JASON A. 17 COSTA, OSWALDO RODRIGUEZ, 18 JONATHAN THORP, JONATHAN MILLARD, LINDSAY ELISE 19 CRISTOBAL, and DOES 1 through 10, INCLUSIVE, 20      Defendants. | Case No.: 5:18-cv-00700 THIRD AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983); UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND IV); UNREASONABLE USE OF FORCE (U.S. CONST. AMEND IV); UNREASONABLE SEARCH AND SEIZURE OF PROPERTY (U.S. CONST. AMEND IV); DENIAL OF SUBSTANTIVE DUE PROCESS OF LAW (U.S. CONST. AMEND XIV); RETALIATION FOR PROTECTED SPEECH (U.S. CONST. AMEND I); MALICIOUS PROSECUTION (U.S. CONST. AMEND IV & XIV); CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); FALSE ARREST, CONVERSION, INVASION OF PRIVACY, INTENTIONAL INLICTION OF EMOTIONAL DISTRESS JURY TRIAL DEMANDED |

21
22
23
24
25
26
27
28

**COME NOW** plaintiffs ROBERT HARLEY FISHER and PAULA MARIE FISHER, and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court may exercise supplemental jurisdiction over the plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiffs timely filed their Claims For Damages against the County of San Bernardino on or about August 22, 2017, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been denied by defendant County of San Bernardino on or about October 5, 2017, less than six months prior to the filing of this instant action.

## GENERAL ALLEGATIONS

5.      Plaintiff Robert Harley Fisher, hereinafter referred to as "ROBERT FISHER," is a natural person who, at all times complained of in this action, resided in the State of California. Plaintiff Robert Fisher is/was the legal and

natural father of plaintiffs' minor children, "S.F." and "A.F." Plaintiff ROBERT FISHER is also a full-time sworn peace officer / police Lieutenant with the Banning Police Department in Banning, California.

6.     Plaintiff PAULA MARIE FISHER, hereinafter referred to as "PAULA FISHER," is a natural person who, at all times complained of in this action, resided in the State of California. PAULA FISHER is the wife of plaintiff ROBERT FISHER, and the legal and natural mother of minor children, "S.F." and "A.F."

7.     Plaintiffs' minor child, S.F., hereinafter referred to as "S.F.," is a natural person who, at all times complained of in this action, was the legal and natural daughter of her parents, plaintiffs ROBERT FISHER and PAULA FISHER.

8.     Plaintiffs' minor child, A.F., hereinafter referred to as "A.F.," is a natural person who, at all times complained of in this action, was the legal and natural son of his parents, plaintiffs ROBERT FISHER and PAULA FISHER.

9.     Defendant County of San Bernardino, hereinafter also referred to as "County of San Bernardino" or "COUNTY," is a political subdivision of the State of California and is a municipal entity located within the territorial jurisdiction of this Honorable Court.

10.     Defendant Lance D. Higgins, hereinafter referred to as "HIGGINS," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department (hereinafter "San Bernardino County Sheriff's Department" and/or "SBSD"). At all times complained of herein, HIGGINS was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

11.    Defendant Kevin Allen, hereinafter referred to as "ALLEN," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, ALLEN was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

12.    Defendant Donald A. Patton, hereinafter referred to as "PATTON," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, PATTON was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

13.    Defendant Jason A. Costa, hereinafter referred to as "COSTA," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, COSTA was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

14.    Defendant Oswaldo Rodriguez, hereinafter referred to as "RODRIGUEZ," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, RODRIGUEZ was acting as an individual person under the color of state law, pursuant to his status as a Deputy

Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

15.     Defendant Jonathan Thorp, hereinafter referred to as "THORP," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, THORP was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

16.     Defendant Jonathan Millard, hereinafter referred to as "MILLARD," is, and was at all times complained of herein, employed as a full-time sworn Social Service Practitioner with the with the Child and Family Services Division of the County of San Bernardino. At all times complained of herein, MILLARD was acting as an individual person under the color of state law, pursuant to his status as a Social Service Practitioner with the Child and Family Services Division of the County of San Bernardino, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

17.     Defendant Lindsay Elise Cristobal, hereinafter referred to as "CRISTOBAL," is, and was at all times complained of herein, employed as a full-time sworn Social Service Practitioner with the Child and Family Services Division of the County of San Bernardino. At all times complained of herein, CRISTOBAL was acting as an individual person under the color of state law, pursuant to his status as a Social Service Practitioner, and was acting in the course of and within the scope of her employment with defendant County of San Bernardino.

18.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special

THIRD AMENDED COMPLAINT FOR DAMAGES

5

Officers and/or a dispatchers and/or Social Services Practitioners and/or some other public officer, public official or employee of defendant County of San Bernardino, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are unknown to plaintiffs.

19.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons under color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or police officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or Social Services Practitioners and/or dispatchers, employed by defendant County of San Bernardino, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

20.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of San Bernardino, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of San Bernardino for: 1) for unlawfully taking and detaining the children of persons by

using false statements of material facts[1] with deliberate indifference and malice; 2) for unlawfully seizing persons; 3) for unlawful searching and seizing persons and their personalty / property; 4) for falsely arresting and falsely imprisoning persons; 5) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs, social service practitioners and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for defaming peace officers to their employers with false allegations of criminal conduct with spite, hatred and ill-will; 8) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

21.    At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Deputy Sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of San Bernardino, and/or some other public official(s) with County of San Bernardino, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

22.    Moreover, at all times complained of herein, defendants DOES 1

---

[1] And omissions of material facts.

THIRD AMENDED COMPLAINT FOR DAMAGES

7

through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of San Bernardino, for, inter alia: 1) for unlawfully taking and detaining the children of persons by using false statements of material fact with deliberate indifference and malice; 2) for unlawfully seizing persons; 3) for unlawful searching and seizing persons and their personalty / property; 4) for falsely arresting and falsely imprisoning persons; 5) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs, social service practitioners and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for defaming peace officers to their employers with false allegations of criminal conduct with spite, hatred and ill-will; 8) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

23. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs ROBERT FISHER and PAULA FISHER of their federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiffs ROBERT FISHER and PAULA FISHER of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

24. Said conspiracy / agreement / understanding / plan / scheme / joint

THIRD AMENDED COMPLAINT FOR DAMAGES

8

action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs ROBERT FISHER's and PAULA FISHER's federal and state constitutional and statutory rights, as complained of herein.

25.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

## INCIDENT THAT GAVE RISE TO LITIGATION

26.     In the weeks prior to the subject incident, plaintiffs' daughter S.F. made several unsubstantiated claims and obviously false of child abuse by her mother, plaintiff PAULA FISHER, to her church, school counselors, teachers and Child and Family Services personnel for the purpose of getting sympathy of her classmates. None of the allegations of the plaintiffs' minor child S.F. were found to be true and none were true.

27.     More specifically, defendant CRISTOBAL interviewed the plaintiffs' minor child S.F. at her school on or about January 12, 2017. No concerns were claimed or shown by defendant CRISTOBAL after the interview, because none of the allegations of child abuse were true.

28.     Moreover, on or about January 26, 2017, the plaintiffs' minor child S.F. was again interrogated and physically inspected at her school by defendant CRISTOBAL, who relayed the lack of evidence of any child abuse whatsoever to defendant HIGGINS on or about that date, and said defendants refused to close the investigations of the plaintiff ROBERT FISHER and PAULA FISHER, despite knowing and believing that the allegations of child abuse were

unsubstantiated and obviously and patently false[2].

29.    Thereafter, on February 7, 2017, an unknown school counselor referred another allegation of child abuse purportedly by the plaintiffs' minor child S.F. to the Child and Family Services Division of the County of San Bernardino. Once again, those allegations of bruising of the minor child S.F. were also unsubstantiated.

30.    That same day, February 7, 2017, a friend of the plaintiffs' minor child S.F. reported to the Child and Family Services Division of the County of San Bernardino that the minor child S.F. may try and hurt herself, which report was conveyed to a deputy named "Herbert", a DOE defendant, of the San Bernardino County Sheriff's Department.

31.    Thereafter, on February 9, 2017, two San Bernardino County Sheriff's Department deputy sheriffs, defendant THORP and another deputy sheriff named Ian Alvarado, went to the minor child S.F.'s school to do a welfare check. Once again, the allegations of child abuse against ROBERT FISHER and PAULA FISHER were found to be unsubstantiated and unfounded.

32.    That same day, February 9, 2017, defendants THORP and CRISTOBAL detained and interviewed plaintiffs' minor child S.F. without the consent of the parents at her school, and created a custodial environment and a custodial interrogation in which the plaintiffs' minor child was not free to leave and was involuntarily detained and interrogated, nor was the child advised of her right to counsel and right against self-incrimination after being detained and before being interrogated at school by defendants THORP and CRISTOBAL.

_____

[2] At this time defendant CRISTOBAL noted that the minor child S.F. "did not have any abnormal bruising or discoloration on her."

THIRD AMENDED COMPLAINT FOR DAMAGES

Once again, all allegations of child abuse were found unsubstantiated, and defendant THORP did not author any police report at that time.[3]

33.    Thereafter, on February 21, 2017, defendant HIGGINS went to plaintiffs' minor child's school to re-interview plaintiffs' minor child S.F. without the consent of the parent. Defendant HIGGINS interrogated S.F. in a custodial environment without advising her of her rights. During this interview, S.F. told defendant HIGGINS that her mother, plaintiff PAULA FISHER, had kicked her, pushed her into a wall, and made her take unknown pills that made her throw up— all of these statements being false and unsubstantiated.

34.    Defendant HIGGINS did not author a police report based upon his February 21, 2017 interrogation of S.F. until 6 days later on February 27, 2016.

35.    On February 22, 2017, a friend of the plaintiffs' daughter S.F. named "Mary" reported to a school counselor that S.F. had sent her a picture on "SnapChat"[4] which showed a nosebleed purportedly caused by PAULA FISHER. However, this allegation was entirely false, as the bleeding was the result of S.F.'s history of chronic nosebleeds. In fact, S.F. has had surgery on her nasal cavity to stop the nosebleeds. Information regarding S.F.'s history of nosebleeds was available to defendants, and would have been easily discoverable with reasonable investigation.

36.    After receiving the aforementioned information from "Mary," a school counselor named "Reichmann" reported S.F.'s nosebleed to defendant HIGGINS, who interviewed "Mary."

_____

[3] Defendant THORP authored a report regarding his custodial interrogation of plaintiffs' minor child 17 days later on February 26, 2017.

[4] SnapChat is a popular cellular telephone application which users may use to send text messages, photographs, and videos.

THIRD AMENDED COMPLAINT FOR DAMAGES

37.     On February 23, 2017, Plaintiff ROBERT FISHER received a phone call from defendant CRISTOBAL, who told him that S.F. had a nosebleed and that it had been reported to the County of San Bernardino Division of Child and Family Services. During this 11-minute conversation, plaintiff ROBERT FISHER told defendant CRISTOBAL that Child and Family Services was welcome to conduct any forensic interview and medical examination of S.F. Plaintiff ROBERT FISHER also told defendant CRISTOBAL that he and PAULA FISHER had nothing to hide, and would be available for an interview at a neutral location.

38.     Later that day, February 23, 2017, defendant HIGGINS initiated surveillance upon the plaintiffs' home and found no activity. Defendant HIGGINS and DOES 1 and 2 then returned to the police station and looked up the plaintiffs' daughter's grandmother's address in Redlands, California. When defendants HIGGINS and ALLEN arrived at the grandmother's (Wilma Fisher's) house in Redlands, there was no one home.

39.     Thereafter, defendants HIGGINS, ALLEN and DOES 1 and 2 returned to the plaintiffs' residence and knocked on the door, but there was no one home.

40.     Upon returning to the sheriff's substation, defendant HIGGINS and DOES 1 and 2 advised their sergeant, an unidentified DOE deputy, of the foregoing facts and began authoring a search warrant for the FISHER family home and an interview warrant for plaintiffs' minor child S.F.

41.     Thereafter, defendant HIGGINS and DOES 1 and 2 asked defendant ALLEN to return to the grandmother's (Wilma Fisher's) house. During her interview with defendant ALLEN and DOES 1 and 2, Wilma Fisher denied knowing of any child abuse. Wilma Fisher was truthful, as no child abuse had in fact taken place in the FISHER residence.

42.     Defendant ALLEN and DOES 1 and 2 then telephoned plaintiff ROBERT FISHER, who told defendant ALLEN and DOES 1 and 2 that his daughter was home. Plaintiff ROBERT FISHER then told defendant ALLEN and DOES 1 and 2 that he did not want officers at his home drawing attention from his neighbors, nor did he wish to go to the sheriff's substation. However, plaintiff ROBERT FISHER told defendant ALLEN that he would bring his wife and daughter for an interview at a neutral place.

43.     Defendants HIGGINS, ALLEN and DOES 1 through 10, inclusive, were angered by plaintiff ROBERT FISHER's refusal to let officers into his home and defendants HIGGINS, ALLEN and DOES 1 through 10, inclusive, refused to meet plaintiff ROBERT FISHER, PAULA FISHER, and S.F. at a neutral place.

44.     Moreover, defendant ALLEN threatened to contact plaintiff ROBERT FISHER's employer, the Banning Police Department, in an attempt to create a disciplinary action against plaintiff ROBERT FISHER and thereby cause him to lose his position as a police sergeant.

45.     At that time, plaintiff ROBERT FISHER asked S.F. about reports of a nosebleed, and S.F. told ROBERT FISHER she did not know anything about a nosebleed.

46.     Furthermore, defendants HIGGINS, ALLEN and DOES omitted from their police reports the material fact that plaintiff ROBERT FISHER was cooperating with their investigation and that plaintiff ROBERT FISHER was willing to meet with defendants HIGGINS and ALLEN to interview PAULA FISHER and daughter at a neutral place other than the sheriff's substation or the family home.

47.     Later that same day, on February 23, 2017, while surveilling plaintiffs ROBERT FISHER and PAULA FISHER's home, defendant HIGGINS saw the plaintiffs ROBERT FISHER and PAULA FISHER leave their residence

1   and get into their car.

2       48.    Determined to falsely arrest plaintiffs ROBERT FISHER and

3   PAULA FISHER, defendant HIGGINS concocted a ruse to detain plaintiffs

4   whereby HIGGINS would claim to believe the plaintiffs' minor daughter S.F. was

5   in the car with her parents—something he knew was not true, since he had been

6   surveilling the plaintiffs ROBERT FISHER and PAULA FISHER.

7       49.    Thereafter, on February 23, 2017 at approximately 6:30 p.m., on

8   Glen Oak Road in the City of Yucaipa, under the ruse of "checking the welfare"

9   of S.F., defendant HIGGINS, and DOES 1 through 10, inclusive, conducted a

10  traffic stop of the plaintiffs ROBERT FISHER and PAULA FISHER's car

11  without a warrant or probable cause or a reasonable suspicion that plaintiff

12  ROBERT FISHER and his wife PAULA FISHER had committed a crime.

13      50.    Soon thereafter, defendants ALLEN, RODRIGUEZ, PATTION and

14  other DOES San Bernardino County deputy sheriffs arrived and also participated

15  in the detention of plaintiffs ROBERT FISHER and PAULA FISHER.

16      51.    Defendant HIGGINS, ALLEN, RODRIGUEZ, PATTON and/or

17  DOES 1 through 10 inclusive, told the plaintiffs ROBERT FISHER and PAULA

18  FISHER that they were being detained for questioning about their minor daughter

19  S.F. After being asked about the whereabouts of his daughter, plaintiff ROBERT

20  FISHER told defendant HIGGINS and DOES 1 through 10, inclusive, that his

21  daughter was safe at home and she was fine.

22      52.    Plaintiff ROBERT FISHER then asked if any of the aforementioned

23  defendants had their belt recorders on, to which defendant SBSD deputies replied

24  that they did not. This prompted plaintiff ROBERT FISHER to attempt to record

25  the subject incident with his cell phone video recorder, which angered defendants

26  HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive.

27      53.    Thereafter, defendant(s) HIGGINS and/or ALLEN and/or

28

RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive, handcuffed and falsely arrested PAULA FISHER and placed her in defendant RODRIGUEZ' patrol car.

54.     While handcuffed in the back of defendant RODRIGUEZ's patrol car, defendant RODRIGUEZ told PAULA FISHER that "This was blown out of proportion and could have been handled differently."

55.     After the aforementioned defendants handcuffed and arrested plaintiff PAULA FISHER, plaintiff ROBERT FISHER then demanded that he be released for detention. Defendant HIGGINS told Plaintiff ROBERT FISHER that he was only free to go back to his residence and to let defendants into his home so that they could search it without a warrant. When ROBERT FISHER refused to agree to let defendants into his home, plaintiff handcuffed and arrested by defendant ALLEN.

56.     After handcuffing and arresting plaintiff ROBERT FISHER, defendant ALLEN told plaintiff ROBERT FISHER he was being arrested for "obstruction" of his investigation because of plaintiff ROBERT FISHER's refusal to consent to a search of his home.

57.     Defendant HIGGINS fabricated false material statements of fact in his police report of the subject incident, on one hand demanding that plaintiff ROBERT FISHER leave the scene of the detention and allow said defendant officers into his home without any fears for officer safety, while on the other hand falsely stating in his police report after plaintiffs' refusal to let officers into his home that "I [defendant HIGGINS] feared because of Robert FISHER'S knowledge of law enforcement procedures, tactics, use of barricades tactics and the use of firearms, he could cause a situation at his residence or during contact with V1 that could place her (V1) or law enforcement investigators in a hazardous situation"; something that was patently absurd and untrue. Said statements of false

material facts were then maliciously used to create a bail enhancement of $100,000.00 upon plaintiff ROBERT FISHER.

58.    Thereafter, both plaintiffs ROBERT FISHER and PAULA FISHER were transported and booked in custody at the Yucaipa sheriff's substation for alleged violations of California Penal Code §§ 273a(a) (felony child abuse) and 182 (conspiracy to commit a crime).

59.    During the course of February 23, 2017 incident, plaintiffs ROBERT FISHER and PAULA FISHER, as well as plaintiffs' minor daughter S.F., all had cellular telephones which were seized and searched, without a warrant or probable cause, by defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive. In total, defendants seized and searched three telephones belonging to plaintiffs. Those telephones are still in the possession, custody and control of defendant deputy sheriffs and defendant COUNTY.

60.    After being arrested and taken to jail for said bogus felony charges, plaintiff ROBERT FISHER and PAULA FISHER were then questioned by defendant HIGGINS, and plaintiffs refused to give statements on the advice of counsel, and plaintiff requested to speak with an attorney.

61.    Thereafter, defendant ALLEN and/or DOES 1 through 10, inclusive, authored materially facially and factually false search warrant affidavit(s) to enter and search, plaintiffs' home and a detention warrant for plaintiffs' minor child, S.F. Defendant ALLEN and/or DOES 1 through 10, inclusive, also authored materially false search warrant affidavits for the cell phone of plaintiffs' minor daughter S.F.

62.    Thereafter, defendants HIGGINS and/or ALLEN and/or PATTON and/or COSTA and/or DOES 1 through 10, inclusive, took the key to the plaintiffs' residence and let themselves into the Fisher family home.

63.     After being seized by defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or COSTA and/or DOES 1 through 10, inclusive, the plaintiffs' minor children S.F. and A.F. were taken to the Yucaipa sheriff's substation and were again interrogated by said defendants.

64.     Thereafter, defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or COSTA and/or DOES 1 through 10, inclusive, then gave custody of Plaintiffs ROBERT FISHER and PAULA FISHER's two minor children to defendant MILLARD, who then put the minor children into a foster home.

65.     Thereafter, an unknown Lieutenant[5] DOE deputy sheriff with the San Bernardino County Sheriff's Department contacted Plaintiffs ROBERT FISHER's employer, the Banning Police Department, and told plaintiff's supervisor(s) that plaintiff ROBERT FISHER was arrested for refusing to cooperate with said investigation—an allegation which was wholly false. This resulted in plaintiff ROBERT FISHER being suspended from his employment from the Banning Police Department, having to turn in his badge and service weapon, and being subject of an internal affairs investigation. That investigation ultimately found that plaintiff ROBERT FISHER had done nothing wrong.

66.     As a result of plaintiff ROBERT FISHER's suspension from his employment, plaintiff ROBERT FISHER suffered an estimated $24,701.53 in lost overtime. However, said DOE Lieutenant told the Banning Police Chief Alex Diaz that "This could have been handled differently."

67.     On February 28, 2017 at 4:13 p.m. and 4:18 p.m., defendant PATTON accessed plaintiff ROBERT FISHER's email account without a warrant

---

[5] And / or other supervisory official.

and forwarded eight photographs to his email account (dpatton@sbcsd.org).

68.    Based upon the aforementioned events, Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10 drafted investigatory reports in which each Defendant intentionally and falsely alleged that plaintiffs PAULA FISHER and ROBERT FISHER had committed criminal acts; to wit violations of Cal. Pen. Code §§ 422(a) (criminal threats), 273(b) (willful cruelty to child), and 148(a)(1) (resist / delay / obstruct police officer).

69.    On October 2, 2017, based upon the police reports authored by Defendants, the San Bernardino County District Attorney's Office charged plaintiff PAULA FISHER under Cal. Pen. Code §§ 422(a) (criminal threats) and 273(b) (willful cruelty to child).

70.    On August 3, 2018, the San Bernardino County Superior Court, on motion of the District Attorney's Office, dismissed all criminal charges against PAULA FISHER.

71.    As there was no evidence of any conspiracy nor physical abuse upon Plaintiffs ROBERT FISHER and PAULA FISHER's minor children, the San Bernardino County District Attorney's Office refused to file criminal charges against plaintiff ROBERT FISHER.

72.    Defendants HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL and DOES 1 through 10, inclusive, at no point performed any forensic medical or Child Abuse and Neglect ("CAN") examinations of plaintiffs' minor child S.F., which is standard protocol for child abuse allegations.

73.    Defendants HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL and DOES 1 through 10, inclusive, omitted witness statements and facts which showed that Plaintiffs ROBERT FISHER and PAULA FISHER were innocent of any crimes.

74.    Plaintiffs' daughter, S.F., ultimately authored a recantation letter, which was also omitted from the reports of defendants HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL and DOES 1 through 10, inclusive.

75.    On May 1, 2017, San Bernardino County Superior Court Judge Steven Mapes determined all of the child abuse claims to be untrue and the juvenile court petition was dismissed.

## FIRST CAUSE OF ACTION
## UNREASONABLE SEIZURE OF PERSON
## UNDER THE FOURTH AMENDMENT
## [42 U.S.C. § 1983]
## (By Plaintiffs ROBERT FISHER and PAULA FISHER Against All Defendants)

76.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 75, inclusive, above, as if set forth in full herein.

77.    On February 23, 2017 at approximately 6:30 p.m. on Glen Oak Road in the City of Yucaipa, under the ruse of "checking the welfare" of plaintiffs' minor daughter S.F., defendant HIGGINS, and DOES 1 through 10, inclusive, conducted a traffic stop of the plaintiff ROBERT FISHER and his wife PAULA FISHER's car. Defendants conducted the stop without a warrant, probable cause, or a reasonable suspicion to believe that plaintiffs ROBERT FISHER and/or PAULA FISHER had committed a crime.

78.    Soon thereafter, defendants ALLEN, RODRIGUEZ, PATTION and other DOES San Bernardino County deputy sheriffs arrived and also participated in the warrantless, suspicionless detention and subsequent unlawful seizure and false arrest of the plaintiff ROBERT FISHER and his wife PAULA FISHER.

79.    Defendant HIGGINS, ALLEN, RODRIGUEZ, PATTON and/or

DOES 1 through 10 inclusive, told the plaintiff ROBERT FISHER and his wife PAULA FISHER that they were being detained for questioning about their minor daughter S.F. After being asked about the whereabouts of his daughter, plaintiff ROBERT FISHER told defendant HIGGINS and DOES 1 through 10, inclusive, that his daughter was safe at home and she was fine.

80.     Plaintiff ROBERT FISHER then asked if any of the aforementioned arresting deputies had their belt recorders on, to which said deputies stated that they did not. This prompted plaintiff ROBERT FISHER to attempt to start recording the subject incident with his cell phone video recorder, which angered defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive.

81.     Thereafter, defendant(s) HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive, handcuffed and falsely arrested PAULA FISHER and placed her in defendant RODRIGUEZ' patrol car. While handcuffed in the back of defendant RODRIGUEZ's patrol car, defendant RODRIGUEZ told PAULA FISHER that "This was blown out of proportion and could have been handled differently," demonstrating that defendant RODRIGUEZ knew that said officers were acting with deliberate indifference to the rights of plaintiffs and that said unlawful seizures were done with malice.

82.     Defendants arrested plaintiff PAULA FISHER without probable cause to believe she had committed any crime.

83.     After said defendants handcuffed and falsely arrested PAULA FISHER, plaintiff ROBERT FISHER then demanded to leave the unlawful detention. Plaintiff ROBERT FISHER was told by defendant HIGGINS that he was only free to go back to his residence and to let said deputies into his home and to search the same without a warrant. When plaintiff ROBERT FISHER refused

to let officers into his home, plaintiff handcuffed and falsely arrested by defendant ALLEN as retaliation for his verbal protests in violation of his First Amendment right to protest said defendants unlawful conduct.

84.     After handcuffing and falsely arresting plaintiff ROBERT FISHER, defendant ALLEN told plaintiff ROBERT FISHER he was being arrested for "obstruction" of his investigation because of plaintiff ROBERT FISHER's refusal to consent to allow officers into his home and to search the same without a warrant. Thus, plaintiff ROBERT FISHER was falsely and unlawfully arrested for constitutionally protected conduct and his refusal to consent to a warrantless entry into his home in violation of his Fourth Amendment right to be free from the unlawful seizure of his person.

85.     Thereafter, both plaintiffs ROBERT FISHER and PAULA FISHER were transported and booked at the Yucaipa sheriff's substation for violations of California Penal Code §§ 273a(a) (felony child abuse) and 182 (conspiracy to commit a crime). Both charges were entirely baseless.

86.     Accordingly, the arrests of plaintiffs ROBERT FISHER and PAULA FISHER by defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive, constituted unreasonable seizures in violation of ROBERT FISHER's and PAULA FISHER's right to be free from unreasonable seizures of person under the Fourth Amendment to the United States Constitution.

87.     As a result of the above-mentioned unreasonable seizures caused by defendants HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL and DOES 1 through 10, inclusive, Plaintiffs ROBERT FISHER and PAULA FISHER had their two minor children taken from them for ten weeks.

88.     Moreover, as a result of the above-mentioned unreasonable seizure,

plaintiff ROBERT FISHER was terminated from his position as a Sergeant with the Banning Police Department.

89.     In addition, the above-mentioned unreasonable seizure caused Plaintiffs ROBERT FISHER and PAULA FISHER to suffer substantial damages, including, but not limited to, lost wages / profits and other income that plaintiff would have earned / made / acquired while suspended from his employment, loss of plaintiffs' good reputation as a 23-year career law enforcement officer, bail amounts, attorneys' fees, the loss of three cell phones, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

90.     Said actions and omissions of the defendants, above-referenced, above-referenced, was done maliciously and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $10,000,000.00.

## SECOND CAUSE OF ACTION
### USE OF UNREASONABLE / EXCESSIVE FORCE ON PERSON UNDER THE FOURTH AMENDMENT
### [42 U.S.C. § 1983]
### (By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON And DOES 1 through 10, inclusive)

91.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 90, inclusive, above, as if set forth in full herein.

92.     As shown above, on February 23, 2017, Plaintiffs ROBERT FISHER and PAULA FISHER were handcuffed by defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive.

93.     Said handcuffing was deliberately done in a very tight, painful and

cruel and sadistic manner with the very purposed of causing Plaintiffs ROBERT
FISHER and PAULA FISHER excruciating pain and agony, as the handcuffs
were cinched down too tightly on their wrists before plaintiffs were placed in the
back of a patrol car.

94.     Accordingly, said excessive handcuffing of Plaintiffs ROBERT
FISHER and PAULA FISHER was done in violation of their right to be free from
the use of unreasonable force upon their persons under the Fourth Amendment to
the United States Constitution.

95.     As a direct and proximate result of the actions of defendants
HIGGINS' and/or ALLEN's and/or RODRIGUEZ's and/or PATTON's and/or
DOES 1 through 10, inclusives' use of unlawful and unreasonable force upon
plaintiffs by said defendants, plaintiffs ROBERT FISHER and PAULA FISHER:
1) were substantially physically, mentally and emotionally injured, and suffered
great physical, mental and emotional injury, distress, pain and suffering; 2)
incurred medical and psychological costs, bills and expenses, 3) incurred
attorney's fees, bail amounts and associated litigation and other related costs, and
4) incurred the loss of business wages and profits, 5) incurred other special and
general damages and expenses, in an amount to be proven at trial, in excess of
$10,000,000.00.

96.     The actions of said defendants, and each of them, as complained of
herein, were committed maliciously, oppressively and in reckless disregard of
ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for
an award of punitive / exemplary damages against said defendants, in an amount
to be proven at trial, in excess of $10,000,000.00.

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION
### UNREASONABLE SEARCH AND SEIZURE OF REAL PROPERTY UNDER THE FOURTH AMENDMENT
### [42 U.S.C. § 1983]
### (By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, PATTON, COSTA And DOES 1 through 10, inclusive)

97.     Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 96, inclusive, above, as if set forth in full herein.

98.     As described above, on February 23, 2017, defendants HIGGINS and/or ALLEN and/or PATTON and/or COSTA and/or DOES 1 through 10, inclusive, after falsely arresting plaintiffs ROBERT FISHER and PAULA FISHER, said defendants obtained the key to the plaintiffs' residence that was unlawfully seized during the course of plaintiffs' false arrests, and let themselves into the Fisher family home while the plaintiffs' minor children were home alone, to further unlawfully seize and search the plaintiffs' home, and to unlawfully seize and interrogate the plaintiffs' two minor children S.F. and A.F, and was done by said defendants with deliberate indifference and malice to the rights of plaintiffs ROBERT FISHER and PAULA FISHER.

99.     More specifically, defendants ALLEN and/or PATTON and/or DOES 1 through 10, inclusive, authored material false statements of fact / omissions of fact in his/their search warrant applications before unlawfully entering and searching the home of Plaintiffs ROBERT FISHER and PAULA FISHER, seizing their minor children, and seizing the cell phone of their minor child S.F. while both children were at home alone.

100.   As a direct and proximate result of the actions of defendants HIGGINS' and/or ALLEN's and/or PATTON's and/or COSTA's and/or DOES 1 through 10, inclusive's' unlawful entry into and search of the plaintiffs' private

residence by said defendants, Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

101.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

**FOURTH CAUSE OF ACTION**
**DENIAL OF SUBSTANTIVE DUE PROCESS–**
**INTERFERENCE WITH FAMILIAL RELATIONSHIP**
**UNDER THE FOURTEENTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants**
**HIGGINS, ALLEN, RODRIGUEZ, COSTA, THORP, CRISTOBAL,**
**COUNTY and DOES 1 through 10, inclusive)**

102.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 101, inclusive, above, as though set forth in full herein.

103.   As shown above, the unlawful seizure and custodial interrogation of Plaintiffs ROBERT FISHER and PAULA FISHER's minor child S.F. on February 9, 2017 by defendants THORP, CRISTOBAL and DOES 1 through 10, inclusive, was undertaken without consent, probable cause, a protective custody

warrant, or exigent circumstances justifying interrogation of the minor child, and that the policies, practices, customs, procedures, or inadequate training of social workers such as CRISTOBAL, and law enforcement officers such as defendants THORP by COUNTY, were a contributing or driving force behind the action of unlawfully detaining and interrogating the minor child at school, and exhibited a deliberate indifference to the rights of Plaintiffs ROBERT FISHER and PAULA FISHER.

104.   Moreover, as shown above, the unlawful seizure and custodial interrogation of Plaintiffs ROBERT FISHER and PAULA FISHER's minor child S.F. on February 21, 2017 by defendant HIGGINS was undertaken without consent, probable cause, a protective custody warrant, or exigent circumstances justifying interrogation of the minor child, and that the policies, practices, customs, procedures, or inadequate training of law enforcement officers such as defendants HIGGINS by COUNTY, were a contributing and driving force behind the action of unlawfully detaining and interrogating the minor child at school, and exhibited a deliberate indifference to the rights of Plaintiffs ROBERT FISHER and PAULA FISHER, to protect their children and to their custody, society, comfort and affection.

105.   Furthermore, as shown above, the unlawful seizure and custodial interrogation of plaintiffs' minor children S.F. and A.F. on February 23, 2017  by defendants HIGGINS, ALLEN, PATTON, MILLARD and DOES 1 through 10, inclusive, constituted intentional interference with Plaintiffs ROBERT FISHER and PAULA FISHER's familial relations with their minor children, and the removal of the children was done without consent, without probable cause, and with a facially defective warrant for the minor child S.F., without a warrant for the minor child A.F., and the absence exigent circumstances to justify the removal of plaintiffs' minor children from plaintiffs' custody; and was also done with

deliberate indifference and malice to the familial rights of Plaintiffs ROBERT FISHER and PAULA FISHER.

106.   Furthermore, the continued detention of plaintiffs' minor children on February 23, 2017 by defendants HIGGINS, ALLEN, PATTON, MILLARD and DOES 1 through 10, pending a trial by the juvenile court, constituted intentional interference with Plaintiffs ROBERT FISHER and PAULA FISHER's familial relations with their minor children, and was also done with deliberate indifference and malice to the familial rights of Plaintiffs ROBERT FISHER and PAULA FISHER.

107.   Defendants' continued detention of plaintiffs' children was accomplished through the exercise of a fraud upon the court, and was in direct contravention of state law that required the return of plaintiffs' children to them under Cal. Welf & Inst Code §§ 309 and 319, and was done pursuant to and on account of the policies, practices, customs, procedures, or inadequate training of social workers and law enforcement officers by COUNTY.

108.   Defendants' continued detention of plaintiffs' minor children and/or their placement with persons other than plaintiffs, from the time of their removal and through the period of time until they were returned to plaintiffs, was achieved by the knowing presentation of false facts and the exclusion of exculpatory facts and information to the Superior Court in the juvenile dependency Petition and Detention Report, in violation of Cal. Gov't Code § 820.21.

109.   The unreasonable seizure, removal, interrogation, and continued detention of plaintiffs' minor children at the family home on February 23, 2017 deprived the Plaintiffs ROBERT FISHER and PAULA FISHER of their right to Substantive Due Process of Law under the Fourteenth Amendment; to with their right a parent-child relationship.

110.   The unreasonable seizure of Plaintiffs ROBERT FISHER and

THIRD AMENDED COMPLAINT FOR DAMAGES

PAULA FISHER on February 26, 2017 by defendants HIGGINS, ALLEN, RODRIGUEZ, and DOES 1 through 10, inclusive that resulted in the unlawful removal of their children from plaintiffs' home and custody by defendants HIGGINS, ALLEN, PATTON, MILLARD and DOES 1 through 10, inclusive, and was done intentionally to, in part, achieve that very result, and was done with deliberate indifference to and reckless disregard of Plaintiffs ROBERT FISHER and PAULA FISHER's Child – Parent Relationship, and constituted outrageous behavior that is shocking to the conscience.

111.   Said outrageous conduct of the defendants, above-referenced, also caused Plaintiffs ROBERT FISHER and PAULA FISHER to suffer substantial special damages, including but not limited to, lost wages / profits and other income that plaintiff would have earned / made / acquired while suspended from his employment, loss of plaintiffs' good reputation as a 23-year career law enforcement officer, bail amounts, attorneys' fees, the loss of three cell phones, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

112.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

//
//
//
//
//

## FIFTH CAUSE OF ACTION
**UNREASONABLE SEIZURE OF PROPERTY
UNDER THE FOURTH AMENDMENT
[42 U.S.C. § 1983]
(By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants
HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA, COUNTY and
DOES 1 through 10, inclusive)**

113.   Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 112, inclusive, above, as though set forth in full herein.

114.   As shown above, Plaintiffs ROBERT FISHER and PAULA FISHER had their personal property, including two cell phones, seized from them, without a warrant or probable cause or reasonable suspicion that plaintiffs had committed any crime, and without any belief by defendants, reasonable or otherwise, that said cell phones would contain evidence of a crime.

115.   Moreover, said defendants also unlawfully took possession of the plaintiffs' cell phones because they contained evidence that showed some of the unlawful conduct by defendants complained of in this action.

116.   When plaintiff ROBERT FISHER was released from jail after being unlawfully arrested and imprisoned for numerous hours until he could post bail in the amount of $100,000.00, he was refused the return of his cell phone as a means to call someone to facilitate his departure from jail.

117.   Moreover, Plaintiffs ROBERT FISHER and PAULA FISHER had their minor child's cell phone taken from them by the means of a facially defective warrant and had his cell phones taken from them in the absence of probable cause to believe that said phone contained evidence of a crime, as described above and below.

118.   In total, three cell phones were unlawfully seized by defendants

HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA and DOES 1 through 10, inclusive from plaintiff, and said cell phones and their electronic information (video recording(s) of the subject incident) concerning plaintiffs' false arrest remain in the possession, custody and control of defendant COUNTY.

119.   Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA and DOES 1 through 10, inclusive, falsely arrested and imprisoned Plaintiffs ROBERT FISHER and PAULA FISHER then forcibly seized / took three cell phones from plaintiff on February 23, 2017.

120.   More specifically, as shown above, defendants ALLEN and/or PATTON and/or DOES 1 through 10, inclusive, authored material false statements of fact / omissions of fact in his/their search warrant applications before unlawfully entering and searching the home of Plaintiffs ROBERT FISHER and PAULA FISHER, seizing their minor children, and seizing the cell phone of their minor child S.F. while both children were at home alone.

121.   The false arrest of Plaintiffs ROBERT FISHER and PAULA FISHER by defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA and DOES 1 through 10, inclusive, constituted a seizure / an arrest of his person and property under the Fourth Amendment to the United States Constitution.

122.   However, defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA and DOES 1 through 10, inclusive, knew that plaintiff had not committed any crime, yet nonetheless forcibly seized and took plaintiffs' cell phones from him; all without a warrant, with a facially defective warrant as to plaintiffs' minor child's cell phone, without consent or probable cause or reasonable suspicion that plaintiff had committed any crime.

123.   The actions of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA, COUNTY and DOES 1 through 10, inclusive, during said February 23, 2017 incident complained of in this action, in forcibly taking

THIRD AMENDED COMPLAINT FOR DAMAGES

plaintiffs' cell phones from him, and otherwise unlawful / unjustified taking of plaintiffs' property constituted a violation of the plaintiffs' rights to be free from a warrantless or facially defective warrant in the taking of his property in the absence of a warrant or absence of a valid warrant or probable cause or reasonable suspicion that there was criminality afoot, none of which existed, under the Fourth Amendment to the United States Constitution.

124.   As a direct and proximate result of the actions of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COSTA, COUNTY and DOES 1 through 10, inclusive's unlawful seizure and search of the plaintiffs' cell phones by said defendants, Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

125.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

//
//
//
//
//

# SIXTH CAUSE OF ACTION
## UNREASONABLE SEARCH OF PROPERTY
## UNDER THE FOURTH AMENDMENT
## [42 U.S.C. § 1983]
### (By Plaintiff ROBERT FISHER Against Defendants PATTON and DOES 1 through 10, inclusive)

126.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 125, inclusive, above, as though set forth in full herein.

127.   As shown above, on February 28, 2017 at 4:13 p.m. and 4:18 p.m., defendant PATTON and/or DOES 1 through 10, inclusive, went into / accessed plaintiff ROBERT FISHER's email account without a warrant and forwarded eight photographs to his email account (dpatton@sbcsd.org) in violation of plaintiffs' Fourth Amendment right to be free from warrantless invasions / searches / seizures of plaintiffs' electronic communications, in violation of Cal. Penal Code § 502 (Unauthorized access to computers, computer systems and computer data), in violation of the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et seq.*) and in violation of the California Electronic Privacy Communications Act (Cal Penal Code § 1546 *et seq.*).

128.   Said invasions of plaintiff ROBERT FISHER's electronic communications by defendant PATTON were done without a warrant or consent or probable cause or reasonable suspicion that plaintiff had committed any crime, in violation of plaintiff ROBERT FISHER's Fourth Amendment right to be free from such warrantless invasions of his personal electronic communications.

129.   As a direct and proximate result of the actions of defendants PATTON and DOES 1 through 10, inclusive's unlawful seizure and search of the plaintiffs' electronic communications by said defendants, plaintiff ROBERT FISHER: 1) were substantially physically, mentally and emotionally injured, and

suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

130.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## SEVENTH CAUSE OF ACTION
## RETALIATION FOR PROTECTED SPEECH
## UNDER THE FIRST AMENDMENT
## [42 U.S.C. § 1983]
## (By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive)

131.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 130, inclusive, above, as if set forth in full herein.

132.   During their detention at the hands of the above-named Defendants, Plaintiffs ROBERT FISHER and PAULA FISHER verbally protested to defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive.

133.   During this detention, plaintiff ROBERT FISHER also asked if any of the aforementioned defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON

and DOES 1 through 10, inclusive had their belt recorders on and said defendants told plaintiff that they did not. This prompted plaintiff ROBERT FISHER to attempt to start recording the subject incident with his cell phone video recorder, which angered defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive.

134.   In retaliation for Plaintiffs' protests, and for Plaintiff ROBERT FISHER's recording of defendants, defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, falsely arrested plaintiffs on bogus charges, including felony charges of violation of Cal. Penal Code §§ 273a(a) (felony child abuse) and 182 (conspiracy to commit a crime).

135.   Furthermore, at the time and date of Plaintiffs ROBERT FISHER and PAULA FISHER's arrests in this matter, the policy, custom, usage and practice of the San Bernardino County Sheriff's Department was to arrest persons who exercise their First Amendment rights by verbally challenging and verbally protesting police action.

136.   Furthermore, at the time and date of plaintiff ROBERT FISHER's arrest in this matter, the policy, custom, usage and practice of the San Bernardino County Sheriff's Department was to arrest persons such as plaintiff ROBERT FISHER for video recording deputy sheriffs, to seize their cell phones, and to subsequently destroy any video recorded evidence of the tortious and criminal conduct of San Bernardino County Sheriff's Department deputy sheriffs.

137.   Pursuant to the aforementioned policies, custom and practices, Defendants seized Plaintiffs' cell phones in order to destroy any video recorded evidence of Defendants' tortious and criminal conduct.

138.   To this day, Defendants have not returned Plaintiff ROBERT FISHER's cell phone or the video recordings which it contained at the time of its seizure.

139.   Persons arrested for bogus felony violations of crimes they did not commit, such persons such as Plaintiffs ROBERT FISHER and PAULA FISHER, are routinely and systematically retaliated against by San Bernardino County Sheriff's Department deputy sheriffs and supervisors pursuant to said County's policies, practices and customs by: (1) using excessive force in handcuffing persons who verbally challenge and protest actions of said deputies, by (2) imposing excessive bail for non-existent felonies without any evidence that persons who verbally challenge and protest actions of said deputies have committed crimes, by (3) keeping persons who verbally challenge and protest actions of said deputies, locked up in a jail cell for many hours.

140.   Accordingly, pursuant to and because of such policies, customs and practices of the San Bernardino County Sheriff's Department, ROBERT FISHER, was retaliated against by defendants (1) used excessive force upon plaintiff when they handcuffed him, (2) imposed excessive bail upon plaintiff, (3) kept plaintiff locked up in a jail cell for many hours, and (4) made false statements of fact to plaintiffs' employer to procure an internal affairs investigation of the plaintiff with the intent to initiate disciplinary proceedings against the plaintiff and/or termination of plaintiffs' employment with the City of Banning Police Department.; all for his verbal protest to and challenge to the actions of the defendants against the plaintiff.

141.   As a direct and proximate result of the actions of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of

1 | business wages, profits, and personalty (the loss of three cell phones), and 5)

2 | incurred other special and general damages and expenses, in an amount to be

3 | proven at trial, in excess of $10,000,000.00.

4 |     142.   The actions of said defendants, and each of them, as complained of

5 | herein, were committed maliciously, oppressively and in reckless disregard of

6 | ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for

7 | an award of punitive / exemplary damages against said defendants, in an amount

8 | to be proven at trial, in excess of $10,000,000.00.

## EIGHTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### UNDER THE FOURTH AND FOURTEENTH AMENDMENT
### [42 U.S.C. § 1983]
### (By Plaintiff PAULA FISHER Against Defendants HIGGINS, ALLEN, COSTA, and DOES 1 through 10, inclusive)

    143.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 142, inclusive, above, as if set forth in full herein.

    144.   Based upon the aforementioned events, Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10 drafted investigatory reports in which each Defendant intentionally and falsely alleged, and omitted material facts for purposes of alleging, that plaintiff PAULA FISHER had committed criminal acts; to wit violations of Cal. Pen. Code §§ 422(a) (criminal threats) and 273(b) (willful cruelty to child).

    145.   At all times described herein, Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10 lacked probable cause to believe that plaintiff PAULA FISHER had committed crimes in violation of Cal. Pen. Code §§ 422(a), 273(b), or any other law.

146.   Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10 forwarded the aforementioned investigatory reports to the San Bernardino County District Attorney's Office for the purpose of causing plaintiff PAULA FISHER to be criminally charged without probable cause.

147.   On October 2, 2017, based upon the police reports authored by Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10, the San Bernardino County District Attorney's Office charged PAULA FISHER under Cal. Pen. Code §§ 422(a) (criminal threats) and 273(b) (willful cruelty to child).

148.   On August 3, 2018, the San Bernardino County Superior Court, on motion of the District Attorney's Office, dismissed all criminal charges against PAULA FISHER.

149.   Thus, because Defendants HIGGINS, ALLEN, COSTA and/or DOES 1 through 10 maliciously caused plaintiff PAULA FISHER to be prosecuted without probable cause, and because that prosecution was finally and favorably terminated in favor of plaintiff PAULA FISHER, the Defendants' actions constituted a violation of PAULA FISHER's Constitutional rights under the Fourth and Fourteenth Amendments to be free from malicious criminal prosecution.

150.   As a direct and proximate result of the actions of Defendants HIGGINS, ALLEN, COSTA, and DOES 1 through 10, inclusive, plaintiff PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

151.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE BANE ACT
### UNDER CAL. CIVIL CODE § 52.1 AND CALIFORNIA STATE LAW
### (By Plaintiffs and ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive)

152.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 151, inclusive, above, as if set forth in full herein.

153.   As shown above, defendants HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive assaulted and battered Plaintiffs ROBERT FISHER and PAULA FISHER as retaliation for verbally protesting of being falsely arrested and thrown into jail and having excessive bail imposed upon them without a warrant or probable cause, nor even a reasonable suspicion of criminality afoot of plaintiffs.

154.   Said actual use and threats of violence against Plaintiffs ROBERT FISHER and PAULA FISHER by said defendants HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive, in order to coerce the plaintiffs to refrain / stop the exercise of their constitutional right not to be assaulted, battered or handcuffed excessively causing physical injury constituted the threatened and actual use of violence against Plaintiffs ROBERT FISHER and PAULA FISHER in order to deter and prevent them from

exercising his constitutional rights.

155.   The actions of defendant deputy sheriffs HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive, above-described, were done in retaliation for plaintiffs' exercise of their First Amendment rights to freedom of speech and to petition the government for redress of grievances, his recording of said defendant deputy sheriffs, and to chill, deter and prevent further verbal protests and complaints by plaintiffs to said defendant deputy sheriffs about their mistreatment of the plaintiff.

156.   Moreover, as shown above, said defendant deputy sheriffs HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive, used unreasonable force upon the Plaintiffs ROBERT FISHER and PAULA FISHER; said use of unreasonable force in itself being a violation of Section 52.1.

157.   Said defendant deputy sheriffs HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

158.   Said defendants HIGGINS and/or ALLEN and/or RODRIGUEZ, and/or PATTON and/or DOES 1 through 10, inclusive, JOHNSON and DOES 1 through 10 are liable to plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§ 815.2(a), 815.6, 820, 820.8.

159.   As a direct and proximate result of the actions of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive,

Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

160.   In addition, as a result of the actions of said defendants in violation of the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiffs are entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

161.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## TENTH CAUSE OF ACTION
### FALSE ARREST / FALSE IMPRISONMENT
### UNDER CALIFORNIA STATE LAW
**(By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive)**

162.   Plaintiffs hereby reallege and re-incorporate by reference the allegations set forth in paragraphs 1 through 161, inclusive, above, as if set forth in full herein.

163.  As complained of above, Plaintiffs ROBERT FISHER and PAULA

FISHER were unlawfully seized and arrested by defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, on February 26, 2017.

164.  As complained of above, said defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, had: (1) neither a warrant nor probable cause to believe that Plaintiffs ROBERT FISHER and PAULA FISHER had committed a crime, nor reasonable suspicion of criminality afoot about Plaintiffs ROBERT FISHER and PAULA FISHER; (2) Plaintiffs were actually harmed by said conduct of Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive; and (3) the conduct of Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, was substantial factor in causing Plaintiffs ROBERT FISHER and PAULA FISHER harm.

165.  Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, are liable to Plaintiffs ROBERT FISHER and PAULA FISHER for their false arrests / false imprisonments pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

166.  As a direct and proximate result of the actions of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON and DOES 1 through 10, inclusive, Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

167.  The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## ELEVENTH CAUSE OF ACTION
### CONVERSION
### UNDER CALIFORNIA STATE LAW
### (By Plaintiffs ROBERT FISHER and PAULA FISHER Against Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10)

168.  Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 167, inclusive, above, as if set forth in full herein.

169.  As described above, Plaintiffs ROBERT FISHER and PAULA FISHER owned, possessed and had a right to possess their said personalty / property, three cell phones and the electronic information/data contained therein.

170.  Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10, inclusive, intentionally and substantially interfered with plaintiffs' property by taking plaintiffs' cell phones and the electronic information/data contained thereon, took possession of said property, denied plaintiff access to said property, and refused to return said property after plaintiffs had demanded their return from defendants. To this day, said defendants have refused to return the three cell phones stolen from Plaintiffs ROBERT FISHER and PAULA FISHER.

171.  Plaintiffs did not consent to the taking of their property and were harmed by such taking of their property.

172.   The conduct of defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10, inclusive, above-described, was a substantial factor in causing plaintiffs' harm and constituted an unlawful conversion of plaintiffs' property, under California state law.

173.   Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to ROBERT FISHER and PAULA FISHER for said unlawful conversion of plaintiffs' property, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

174.   As a direct and proximate result of the actions of defendants HIGGINS and/or ALLEN and/or RODRIGUEZ and/or PATTON and/or DOES 1 through 10, inclusive, Plaintiffs ROBERT FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

175.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's and PAULA FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

//

//

//

## TWELFTH CAUSE OF ACTION
### INVASION OF PRIVACY
### UNDER THE CALIFORNIA CONSTITUTION AND CALIFORNIA STATE LAW
### (By Plaintiff ROBERT FISHER Against Defendant PATTON and DOES 1 through 10, inclusive)

176.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 175, inclusive, above, as if set forth in full herein.

177.   As shown above, on February 28, 2017 at 4:13 p.m. and 4:18 p.m., defendant PATTON and/or DOES 1 through 10, inclusive, accessed without consent, authorization, a warrant or probable cause, plaintiff ROBERT FISHER's email account and forwarded eight photographs to his San Bernardino County Sheriff's Department email account (dpatton@sbcsd.org) in violation of plaintiffs' Fourth Amendment right to be free from warrantless invasions of plaintiffs' electronic communications, and in violation of California Penal Code § 502 (Unauthorized access to computers, computer systems and computer data); which electronic communications are also protected by the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et seq.*) and the California Electronic Privacy Communications Act (Cal Penal Code § 1546 *et seq.*).

178.   At the time of the unauthorized access into plaintiff ROBERT FISHER's email account, defendant PATTON and/or DOES 1 through 10, inclusive, was acting under the color of state law, in his official capacity as a San Bernardino County Sheriff's Department deputy sheriff.

179.   Said unauthorized access by defendant PATTON and/or DOES 1 through 10, inclusive, constitutes two felonies pursuant to California Penal Code § 502(d)(1), and plaintiff ROBERT FISHER was sufficiently damaged by said intrusions and unauthorized access into his personal email by having felonies

committed against him without a warrant, consent, authorization, probable cause or reasonable suspicion of criminality afoot of plaintiff.

180.   Thus, under the facts set forth above, Plaintiff ROBERT FISHER had a reasonable expectation of privacy in his e-mail account.

181.   As set forth above, Defendants intentionally intruded upon the expectation of privacy which plaintiff ROBERT FISHER enjoyed in his e-mail account.

182.   Defendants' intrusion into plaintiff's e-mail account would be offense to a reasonable person.

183.   Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to ROBERT FISHER for said unlawful invasion of plaintiffs' privacy, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

184.   As a direct and proximate result of the actions of defendant PATTON and/or DOES 1 through 10, inclusive, plaintiff ROBERT FISHER was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering and loss of reputation and good will within his police department; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

185.   Defendants' conduct was a substantial factor in causing the aforementioned harms to plaintiff ROBERT FISHER.

186.   The actions of said defendants, and each of them, as complained of

THIRD AMENDED COMPLAINT FOR DAMAGES

herein, were committed maliciously, oppressively and in reckless disregard of ROBERT FISHER's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

## THIRTEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER CALIFORNIA STATE LAW
### (By Plaintiffs ROBERT FISHER and PAULA FISHER Against All Defendants)

187.   Plaintiffs hereby re-allege and re-incorporate by reference the allegations set forth in paragraphs 1 through 186, inclusive, above, as if set forth in full herein.

188.   Defendants HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL, COUNTY and DOES 1 through 10, inclusive, and each of them, knew and/or should have known that plaintiffs ROBERT FISHER and PAULA FISHER were susceptible to suffering severe emotional distress from defendants' actions as complained of above and herein.

189.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

190.   Defendants HIGGINS, ALLEN, RODRIGUEZ, PATTON, COUNTY and DOES 1 through 10, inclusive, and each of them, are liable to ROBERT FISHER and PAULA FISHER pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

191.   As a direct and proximate result of the actions of defendant HIGGINS, ALLEN, PATTON, COSTA, RODRIGUEZ, MILLARD, CRISTOBAL, COUNTY and DOES 1 through 10, inclusive, Plaintiffs ROBERT

FISHER and PAULA FISHER: 1) were substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering and loss of reputation and good will within his police department; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages, profits, and personalty (the loss of three cell phones), and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

192.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00; trebled to $30,000,000.00[6];

b)      For a judgment against all defendants, save defendant COUNTY for punitive damages in an amount in excess of $10,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.

/s/ Jerry L. Steering
JERRY L. STEERING
Attorney for Robert Fisher and Paula Fisher

_____

[6] Pursuant to plaintiffs' Section 52.1 claim.

THIRD AMENDED COMPLAINT FOR DAMAGES
47

## <u>PROOF OF SERVICE</u>

I declare that I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within cause, and my business address is 4063 Birch Street, Suite 100, Newport Beach, CA 92660.

On, September 29, 2018, I served the attached:

### THIRD AMENDED COMPLAINT

| | |
|---|---|
| **Risa Su Christensen**<br>Wagner and Pelayes LLP<br>1325 Spruce Street Suite 200<br>Riverside, CA 92507 | **Dennis E Wagner**<br>Wagner and Pelayes LLP<br>1325 Spruce Street Suite 200<br>Riverside, CA 92507 |

( ) BY PERSONAL SERVICE

(X) BY EMAIL VIA E-FILING

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. This the 29th day of September 2018, at Newport Beach, California.

_s/_ Brenton W. Aitken Hands___
BRENTON W. AITKEN HANDS